STATE OF NORTH CAROLINA v. HAYWOOD E. HONEYCUTT

No. 7412SC83

(Filed 17 April 1974)

Criminal Law §§ 40, 89—transcript of testimony at former trial — admissibility to show bias

> Where a witness testified at two earlier trials of defendant at which the jury was unable to agree, the trial court did not err upon a third trial in allowing into evidence a transcript of the witness's testimony at a former trial, since, at the time of the third trial, the witness was a fugitive from justice; however, the trial court did commit prejudicial error in refusing to allow defendant to testify about an earlier altercation he had had with the witness, since that evidence was admissible to show bias.

APPEAL by defendant from *Braswell, Judge,* 11 June 1973 Criminal Session of Superior Court held in CUMBERLAND County.

Defendant was tried for murder. Two earlier trials for the homicide had resulted in mistrials after the jury could not reach a verdict. At both of the earlier trials one DeBerry, the State's only witness to the killing, testified. DeBerry was not present at the trial from which defendant now appeals. Testimony on *voir dire* tended to show that DeBerry was a fugitive from justice. After appropriate findings, the court allowed the transcript of his testimony at the earlier trials to be read to the jury. Defendant contended that deceased, without provocation, made a deadly assault on him with a tractor crank and that he shot and killed in self-defense. The testimony of DeBerry tended to show that deceased had neither made nor threatened an assault on defendant. Defendant was found guilty of voluntary manslaughter and judgment imposing a prison sentence was entered.

State v. Lucas

*Attorney General Robert Morgan by Ralf F. Haskell, Assistent Attorney General, for the State.*

*Rose, Thorp and Rand by Herbert H. Thorp; Smith, Patterson, Follin & Curtis by Norman B. Smith for defendant appellant.*

VAUGHN, Judge.

It is obvious that the credibiltiy of DeBerry is critical in this case. At two earlier trials when DeBerry testified, the jury was unable to agree. At this trial, when DeBerry was not present but when the transcript of his earlier testimony was read to the jury, defendant was convicted. Because of the facts as found by the trial judge, it was not error to allow the transcript to be used even though it did deprive defendant of the opportunity to further cross-examine the witness and have the jury observe his demeanor. Defendant's burden was prejudicially compounded, however, by the refusal of the court to allow him to testify about an earlier altercation he had had with the witness. The evidence should have been admitted for the purpose of showing bias.

The record discloses that DeBerry was apprehended by federal officers after defendant's trial. Every reasonable effort should be made to have the witness present at the retrial of this case.

New trial.

Judges BRITT and PARKER concur.